|  | **United States Bankruptcy Court**<br>**District of Minnesota, Minneapolis Division**<br>**CHAPTER 13 PLAN** |
|---|---|
| **IN RE:**<br><br>**Watts, Kenneth William**<br>Debtor(s) | Case No.<br>CHAPTER 13 PLAN [ ] Modified<br>Dated: **July 20, 2020** |

In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NON-STANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtors must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | [X] Included | [ ] Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE** –
2.1 As of the date of this plan, the debtor has paid the trustee $ **0.00** .
2.2 After the date of this plan, the debtor will pay the trustee $ **varies**[1] per month for **60** months, beginning in **August** of **2020** for a total of $ **122,450.00**. The initial plan payment is due not later then 30 days after the order for relief.
2.3 The minimum plan length is 36 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee: **n/a**
2.5 The debtor will pay the trustee a total of $ **122,450.00** [line 2.1 + 2.2 + 2.4].
[1] **17 payments of $500.00 followed by 43 payments of $2,650.00**

**Part 3. PAYMENTS BY TRUSTEE** – The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **12,245.00** , [line 2.5 x .10].

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C)):** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

  None

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365)** The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

  None

**Part 6. CLAIMS NOT IN DEFAULT** – Payments on the following claims are current and the debtor will pay directly to the creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

  None

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** – The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. *All following entries are estimates*. The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| **Provident Funding** | 75,000.00 | 1,315.79 | 4 | 57 | 75,000.00 |
| **Security National Services Corp** | 32,000.00 | 561.40 | 4 | 57 | 32,000.00 |
| TOTAL |  |  |  |  | 107,000.00 |

Local Form 3015-1 (05/19)

**Part 8. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e))** – The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate*.

  **None**

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION("CRAMDOWN") PURSUANT TO § 506(§1325(a)(5)) (secured claim amount in plan this Part controls over any contrary amount except for secured claims of governmental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amounts listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

  **None**

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

  **None**

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10) including the following. *The amounts listed are estimates*. The trustee will pay the amounts actually allowed.

| Creditor | Estimate Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| **Anderson & Associates, LLC** | **1,500.00** | **450** | **1** | **4** | **1,500.00** |
| **Internal Revenue Service** | | | | | |
| **Minnesota Department of Revenue** | | | | | |
| TOTAL | | | | | **1,500.00** |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates**. The trustee will pay the amounts actually allowed.

  **None**

**Part 13. SEPARATE CLASSES OF UNSECURED CREDITORS** – In addition to the class of unsecured creditors specified in Part 14, there shall be separate classes of non-priority unsecured creditors described as follows:
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates*.

  **None**

**Part 14. TIMELY FILED UNSECURED CLAIMS** – The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $ **1,703.00** [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].
14.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $ **0.00**.
14.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 9 and 13) are $ **35,220.34**.
14.3    Total estimated unsecured claims are $ **35,220.34** [line 14.1 + 14.2].

**Part 15. TARDILY-FILED UNSECURED CLAIMS** – All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14 will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral on the effective date of confirmation.

  **None**

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the

Local Form 3015-1 (05/19)

trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

**Debtor shall be entitled to retain the first $1,200.00 of refunds plus any earned income credit (EIC) plus any Minnesota Working Family credit. Any remaining amounts shall be turned over to the Chapter 13 plan as additional plan payment.**

| Class of Payment | Amount to be paid |
|---|---:|
| **SUMMARY OF PAYMENTS** – | |
| Payments by trustee [Part 3] | $ 12,245.00 |
| Home Mortgage in default [Part 7] | $ 107,000.00 |
| Claims in Default [Part 8] | $ 0.00 |
| Secured Claims subject to modification (cramdown) pursuant to § 506 [Part 9] | $ 0.00 |
| Secured Claims excluded from § 506 [Part 10] | $ 0.00 |
| Priority Claims [Part 11] | $ 1,500.00 |
| Domestic Support Obligation Claims [Part 12] | $ 0.00 |
| Separate Classes of Unsecured Creditors [Part 13] | $ 0.00 |
| Timely filed Unsecured Claims [Part 14] | $ 1,703.00 |
| TOTAL (must equal line 2.5) | $ 122,450.00 |

Certification regarding non-standard provisions:
I certify that this plan contains no non-standard provision except as placed in Part 17.

Signed: /s/ Kenneth William Watts
Debtor 1

Signed: /s/ Nicole Anderson
Attorney for debtor(s) or debtor if pro se